# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

MANUEL COOPER,                                                          PETITIONER

V.                                    CIVIL ACTION NO.:  3:14CV119-SA-SAA

CHRISTOPHER EPPS and
ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI,                    RESPONDENTS

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on the *pro se* petition of Manuel Cooper, Mississippi

prisoner # 91229, for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondents have moved

to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d), and Petitioner has

responded to the motion.  For the reasons set forth below, Respondents' motion will be granted,

and the instant petition will be dismissed with prejudice.

### Facts and Procedural History

Petitioner, Manuel Cooper, was convicted of one count of false pretense in the Circuit

Court of DeSoto County, Mississippi, and was sentenced on June 2, 2009, as an habitual

offender to serve life in the custody of the Mississippi Department of Corrections ("MDOC").

(ECF No. 1, p. 1; Respts' Mot. to Dismiss, Ex. A).  Petitioner appealed his conviction and

sentence, and the matter was assigned to the Mississippi Court of Appeals, which affirmed the

judgment of the lower court in an opinion entered on April 26, 2011.  *Cooper v. State*, 68 So. 3d

741 (Miss. Ct. App. 2011), *reh'g denied*, June 28, 2011, *cert. denied*, August 25, 2011 (No.

2009-KA-00924-COA); (Respts' Mot. to Dismiss, Ex. B).[1]  Petitioner did not file a petition for

writ of certiorari to the United States Supreme Court.

---

[1] The Court notes that these records list the Petitioner's name as "Manual."

On September 15, 2011, Petitioner filed in the Mississippi Supreme Court a "Motion for Leave to Proceed in the Trial Court." (Respts' Mot. to Dismiss, Ex. C). By order filed September 28, 2011, the trial court dismissed the motion without prejudice, finding that Petitioner failed to attach to it a Motion for Post-Conviction Relief. (*Id.*, Ex. D). Petitioner did not resubmit his motion with the motion for post-conviction relief attached. Rather, on February 18, 2014, Petitioner filed with the Mississippi Supreme Court an "Application for Leave to Proceed to the DeSoto County Circuit Court." (*Id.*, Ex. E). On May 14, 2014, the court denied the motion, holding that the issues raised therein were barred and without merit. (*Id.*, Ex. F). Petitioner filed for rehearing from the decision on May 27, 2014, but the petition was denied on June 17, 2014, pursuant to Mississippi Rule of Appellate Procedure 27(h)[2]. (*Id.*, Ex. G).

Petitioner signed the instant petition on May 1, 2014, and it was stamped "filed" in this Court on June 2, 2014. (ECF No. 1, pp. 1, 14). On August 27, 2014, Respondents filed a motion to dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d). Petitioner concedes that the petition was filed after the expiration of the statute of limitations, but he maintains that his family retained an attorney who was supposed to file his post-conviction action before November 14, 2011. He argues that his post-conviction attorney, therefore, is responsible for the delay. Attached to the instant petition is a letter from post-conviction counsel to Petitioner dated November 14, 2011, in which Petitioner is informed that counsel has been retained by Petitioner's family to "look into an appeal of your conviction." (ECF No. 1, p. 17). Petitioner alleges that counsel failed to file the post-conviction action as promised, and he argues

---

[2] This rule states that "[m]otions for reconsideration, vacation or modification of rulings of the Supreme Court and the Court of Appeals on motions are generally not allowed." Miss. R.App. P. 27(h).

that the limitations period should be tolled for counsel's ineffectiveness.

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Analysis

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period" of time to seek it. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Petitioner did not seek certiorari review with the United States Supreme Court as part of his direct appeal, his conviction became "final" for purposes of § 2244(d) on November 23, 2011 – 90 days after certiorari was denied by the Mississippi Supreme Court on August 25, 2011. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that where a defendant does not seek certiorari review, finality is established by the expiration of the 90 day period to seek such review with the Supreme Court). Therefore, unless Petitioner filed a "properly filed" application for post-conviction relief on or before November 23, 2012, to toll the limitations period, his habeas petition was filed too late.[3] *See* 28 U.S.C. § 2244(d)(2).

While Petitioner did file a type of post-conviction motion on September 15, 2011, the Mississippi Supreme Court dismissed the motion due to Petitioner's failure to attach to it a motion for post-conviction relief. (*See, e.g.*, Respts' Mot. to Dismiss, Ex. D). Therefore, even though this motion was filed prior to the November 23, 2012, deadline, it was not a "properly filed" application for post-conviction relief as required by 28 U.S.C. § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that an application is "properly filed" when its delivery and acceptance are in compliance with the applicable law and rules governing filings). This filing cannot, then, toll the statute of limitations. Petitioner's subsequent application on February 18, 2014, for leave to proceed in the trial court likewise fails to toll the limitations period, as it was filed after the November 23, 2012, deadline.

---

[3] The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

Petitioner's federal habeas petition was "filed" sometime between May 1, 2014, and June 2, 2014. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Because either date is beyond the federal limitations deadline, the Court finds that the instant petition was filed after the statute of limitations expired.

Because his federal habeas petition was filed beyond the AEDPA deadline, federal habeas relief is available to Petitioner only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). Equitable tolling is available if Petitioner can demonstrate that he pursued habeas relief with diligence, and that some "extraordinary circumstance" stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

While Petitioner asserts that his retained attorney was supposed to file a post-conviction action on his behalf, the Fifth Circuit has instructed that counsel neglect is not an extraordinary circumstance justifying equitable tolling. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Rather, equitable tolling is available only "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted); *see also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (holding that equitable tolling is warranted only if the petitioner demonstrates that he was intentionally deceived and "reasonably relied on his attorney's deceptive misrepresentations"). There is no evidence before the Court suggesting that Petitioner's attorney intentionally deceived him. Rather, the documents

submitted by Petitioner suggest the conditions of counsel's retainer agreement were not satisfied as of March 2012. A March 15, 2012, letter from post-conviction counsel to Petitioner records that counsel was prepared to file Petitioner's post-conviction action "upon payment of the balance of [the] retainer in the amount of $ 5,003.00." (ECF No. 1, p.18). This letter was sent to Petitioner in advance of the November 23, 2012, limitations deadline, and it should have alerted Petitioner of his need to take action to satisfy the retainer agreement or to file his own legal materials.

The Court notes that a petitioner's unfamiliarity with legal rules does not justify equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding that "neither a [litigant's] unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling") (citation omitted). Regardless, the Court notes that the attached to the instant petition demonstrate that Petitioner was aware of the deadlines he was required to meet. (*See, e.g.,* ECF No. 11, pp. 37-38; *see also* Respts' Mot. to Dismiss. Ex. C). In fact, Petitioner filed a motion in a post-conviction proceeding prior to the expiration of the federal limitations deadline and subsequently failed to supplement the motion with the required application for post-conviction relief.

In sum, the Court finds that equitable tolling is not warranted under the facts of this case. It determines that the instant petition is untimely, and that Respondents' motion should be granted.

## Certificate of Appealability

Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Petitioner's petition for writ of habeas

corpus is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

### Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" (ECF No. 10) and **DISMISSES** with prejudice the petition filed in this cause. The Court **DENIES** a certificate of appealability, as Petitioner failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 7th day of October, 2014.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**