**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MANUEL COOPER**                                                                                       **PETITIONER**

**V.**                               **CIVIL ACTION NO.: 3:14CV119-SA-RP**

**MARSHALL FISHER and
ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI**     **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Petitioner Manuel Cooper, an inmate in the custody of the Mississippi Department of Corrections, is proceeding *pro se* in this federal habeas corpus action challenging his State-court conviction of false pretenses, and his resulting life sentence as an habitual offender pursuant to Miss. Code Ann. § 99-18-83.[1]

**I
Factual and Procedural History**

On April 24, 2007, Cooper, along with three other males, approached elderly widow Hazel Baker and offered to clean the gutters on her home in exchange for approximately $200.00. Baker testified that she agreed to the price, and the men began working on the exterior of her home. Baker stated that after an hour or two, Cooper told her that the men were finished and stated that the fee was $2,500. She testified that Cooper agreed to "drop" the price to $2,000, but that he stated he had to be paid in cash. When Baker told him she had no cash and could not drive to the bank because of a recent surgery, Cooper offered to drive her to the bank. Baker accepted his offer, and she and Cooper drove to the bank where Baker drew out $2,000.

Back at her home, Baker gave Cooper the money and requested a receipt. Cooper told her that he did not have any receipts but would bring her a receipt the following day. Baker

---
1 The Court notes that the Mississippi Supreme Court records list Cooper's first name as "Manual."

stated that Cooper wrote the name "Tom Lee" and a telephone number on a piece of paper, representing the name and number as his own. Baker testified that she soon realized that the name and number were fictitious and called her son, who subsequently contacted the Southhaven Police Department.

Cooper was charged with false pretenses under Miss. Code Ann. § 97-19-39, which, at the time of Cooper's trial, provided in relevant part:

> Every person who, with the intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, with a value of Five Hundred Dollars ($500.00) or more, upon conviction thereof shall be guilty of a felony and punished by imprisonment in the State Penitentiary not exceeding ten (10) years, and by a fine not exceeding Ten Thousand Dollars ($10,000.00).

Miss. Code Ann. § 97-19-39(2). Cooper's trial commenced on April 28, 2009, and evidence was produced to demonstrate that the men had not cleaned the gutters and had not, therefore, performed the task for which they had been paid. Cooper testified that he did not personally discuss the work with Baker, as one of the other men made the offer to Baker. Cooper stated that he understood the agreed job to consist of the cleaning and repair of Baker's vinyl siding, not cleaning the gutters. Cooper stated that the vinyl work was completed.

Following a ten-minute deliberation, the jury found Cooper guilty of false pretenses. Sentencing was continued to allow the defendant an opportunity to prepare evidence to rebut the State's request that Cooper be deemed an habitual offender pursuant to Miss. Code Ann. § 99-19-83.[2] On June 2, 2009, sentencing proceedings were concluded, and Cooper was sentenced

---

2 Miss. Code Ann. § 99-19-83 states: "Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or

to serve life imprisonment as an habitual offender.

With the assistance of new counsel, Cooper appealed his conviction and sentence to the Mississippi Supreme Court, raising the following issues:

> 1. Whether the trial court erred in failing to grant [Cooper]'s motion for a directed verdict where the evidence failed to show that [Cooper] intended to cheat or defraud the alleged victim.
>
> 2. Whether the trial court erred in failing to grant [Cooper]'s motion for a new trial where the evidence showed that the issue herein was a civil and contractual dispute and not false pretense.
>
> 3. Whether the trial court erred in allowing hearsay testimony of police officer Greg Oltremari, offered as the truth of the matter.

The Mississippi Supreme Court assigned the case to the Mississippi Court of Appeals, which affirmed the trial court's judgment on April 26, 2011. *Cooper v. State*, 68 So. 3d 741 (Miss. Ct. App. 2011) *reh'g denied* June 27, 2011, *cert. denied* August 25, 2011 (No. 2009-KA-00924-COA).

Aggrieved of this decision, Cooper, proceeding *pro se*, filed on September 15, 2011, in the Mississippi Supreme Court a motion for leave to proceed in the trial court. *See* Doc. #50-2. By order filed September 29, 2011, the Mississippi Supreme Court dismissed the motion without prejudice after it determined that Cooper failed to attach a motion for post-conviction relief. *See* Doc. #50-3. On February 18, 2014, Cooper filed a second application for leave to seek post-conviction relief, this time with the motion attached. *See* Doc. #50-4. In the motion, the following grounds were raised:

---

elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections."

> Ground One: Whether Cooper was deprived of his constitutional right to confront the witnesses against him at bifurcated trial and less than competent evidence was used to enhance? [Creating an illegal sentence].
>
> Ground Two: Whether Cooper was convicted under the wrong statute? . . . Or, again does this constitute ineffective assistance of counsel?

By order filed May 14, 2014, the Mississippi Supreme Court denied Cooper's motion, holding that the issues raised therein "lack sufficient merit to warrant an evidentiary hearing," and further finding "that these issues are waived because they were not raised on direct appeal." Doc. #50-5. Cooper filed a petition for rehearing from the decision, but the petition was denied by order filed on June 17, 2014. *See* Doc. #50-6.

On or about June 2, 2014, Cooper filed the instant petition *pro se*, raising the following issues:

> Ground One: Whether Cooper was deprived of his constitutional right to confront witness against him at bifurcated trial on less than competent witness was used. The prosecutor was given multiple attempt to bring enhancement of charges. . . the pen pack is testimonial and demands the testimony of the custodian of records. The indictment was amended which is improper because 99-19-83 affects substance not the form. Ineffective assistance of counsel to allow the illegal sentence.
>
> Ground Two: Whether Cooper was convicted under the wrong statute or again does this constitute ineffective assistance of counsel. It appears that prosecutor blended two statutes to satisfy the needs to prosecute of Miss. Code Ann. 97-19-33 and 97-19-39. Counsel was silent on his client's behalf.

Respondents were ordered to respond to the petition, and they subsequently moved to dismiss the habeas petition as time-barred. The Court granted Respondents' motion and held that a Certificate of Appealability should not issue. Cooper appealed, and the Fifth Circuit subsequently remanded this case for determination as to whether Cooper was entitled to an equitable tolling of the one-year statute of limitations period. *See* Doc. #29. The Court

4

scheduled an evidentiary hearing and appointed counsel for Cooper. *See, e.g.*, Docs. #30, #31 & #42.

On May 24, 2017, this Court held an evidentiary hearing where it heard witness testimony and received evidence relevant to the equitable tolling issue. On June 2, 2017, the Court entered a Memorandum Opinion and Order holding that Cooper was entitled to have the one-year limitations period equitable tolled and ordering Respondents to answer Cooper's petition on the merits. *See* Doc. #41. Respondents filed their answer and submitted the State-court record in this matter. Cooper failed to reply. This matter is now ripe for consideration.

## II
## Procedural Default

The claims raised by Cooper in the instant petition are the same issues that were raised in his application for leave to seek post-conviction relief in Cause No. 2011-M-01377. In that case, the Mississippi Supreme Court found the claims lacking in merit, but it also expressly found each claim to be procedurally barred due to waiver. *See, e.g.*, Doc. #50-5. Respondents contend, therefore, that this Court is precluded from reviewing Cooper's claims.

The law holds that "[w]hen a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). In order to be exempted from application of the bar, the petitioner bears the burden of showing that the state did not strictly or regularly apply the bar to claims identical or similar to his around the time of his direct appeal. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).

The waiver bar codified in Mississippi Code Annotated § 99-39-21(1) provides that:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

The Fifth Circuit has held that § 99-39-21(1) is an independent state procedural bar. *Stokes*, 123 F.3d at 860. Cooper has not demonstrated that Mississippi has failed to apply the waiver bar to claims identical or similar to those raised in his federal habeas petition, and thus, he has not demonstrated that the bar is inadequate. *Id.* Accordingly, the Court finds that he has defaulted his claims in Grounds One and Two pursuant to an independent and adequate state procedural rule. *Id.* at 861.[3,4]

Because of his federal default, Cooper may obtain review of the merits of his claims only if he can demonstrate cause for the default and actual resulting prejudice, or that a fundamental miscarriage of justice would result if the claims were not reviewed. *See Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (citing *Sawyer v. Whitley*, 505 U.S. 333 (1992)).

---

3  Although Cooper has not argued the point, the Court notes that the Mississippi Supreme Court has recognized that an illegal sentence may be excepted from the waiver bar if "some arguable basis for the truth" of the claim exists. *Means v. State*, 43 So. 3d 438, 442 (Miss. 2010). In this case, however, the Mississippi Supreme Court found his "claims lack sufficient merit to warrant an evidentiary hearing." Doc. #50-5. Accordingly, Cooper's claims are not excepted from the waiver bar.

4  Although ineffective assistance of counsel claims are usually pursued on post-conviction review, at the time of Cooper's appeal, Mississippi law held that a petitioner waives an ineffective assistance of claim when he uses counsel different than trial counsel on direct appeal and fails to raise the ineffective assistance claim on direct review. *See, e.g., Murray v. King*, No. 3:11CV199-TSL-JMR, 2014 WL 896763 (March 6, 2014) (noting that defendant was required to raise ineffective assistance of counsel issue where he had different counsel appointed on 2009 appeal); *see also Loden v. State*, 43 So. 3d 365, 392-93 (Miss. 2010) (applying waiver bar to claim raised for first time on post-conviction where defendant represented by new counsel on appeal). Moreover, Cooper cannot succeed on an ineffective assistance of counsel claim without showing that the underlying substantive claims have merit, and the Mississippi Supreme Court's alternative denial of the claims on their merits does not warrant relief under 28 U.S.C. § 2254 for the reasons as stated in Part III, *infra*.

In explaining the cause necessary for excusing a default, the United States Supreme Court has instructed that "there must be something *external* to the petitioner, something that cannot fairly be attributed to him," such as a "showing that the factual or legal basis for a claim was not reasonably available to counsel," or "interference by officials" that made compliance with the rule impracticable[.]" *Coleman*, 501 U.S. at 753 (emphasis in original).

Additionally, "cause" for a procedural default may be based on attorney error, but only in situations where counsel has rendered constitutionally ineffective assistance of counsel under the standard established in *Strickland v. Washington*. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In *Strickland*, the Supreme Court determined that counsel renders ineffective assistance only upon a showing of deficient performance that prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). That is, counsel is ineffective where counsel made errors so serious so as to deprive the defendant of "counsel" as guaranteed by the Sixth Amendment, and those errors deprived the defendant of a fair trial with a reliable result. *Id*. For the reasons as set forth in Part III, *infra*, the Court finds that Cooper has not demonstrated that his counsel was ineffective.

The fundamental miscarriage of justice exception is likewise inapplicable, as it is confined to cases "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). To establish the requisite probability that he was actually innocent, Cooper must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). Cooper has not presented any

7

new evidence to satisfy this standard, and he has not demonstrated that he is actually innocent of the habitual offender enhancement by showing that, but for constitutional error, he would not have been eligible for the sentence he received. Therefore, he cannot demonstrate that a fundamental miscarriage of justice will result if the claims are not considered on their merits. He has defaulted his federal habeas claims.

### III
### Merits

Even if Cooper's claims were not procedurally barred on federal habeas review, the alternative merits determination by the Mississippi Supreme Court that "both [of Cooper's] claims lack sufficient merit to warrant an evidentiary hearing" nonetheless limits this Court's authority to grant federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA). Doc. #50-5. *See, e.g., Busby v. Dretke*, 359 F.3d 708, 721 n.14 (5th Cir. 2004) (noting that invocation of procedural bar as alternative basis to deny relief does not deprive the state of the benefit of AEDPA deference). Under the AEDPA, a federal court cannot grant federal habeas relief on any claim that the state court adjudicated on the merits unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Federal habeas relief may be granted under the "contrary to" clause where the State court (1) arrives at a conclusion opposite that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable

application" clause, a federal court may grant relief where the state court applies the correct legal principle to the facts in an unreasonable manner. *See id.* at 407-08; *Brown v. Payton*, 544 U.S. 133, 141 (2005). Whether a decision is "unreasonable" is an objective inquiry; it does not turn on whether the decision is merely incorrect. *See Schriro*, 550 U.S. at 473 ("The question under the AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable − a substantially higher threshold."); *Williams,* 529 U.S. at 410-11; *Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004) (finding habeas relief merited where state decision was both incorrect and objectively unreasonable).

When a federal habeas court is assessing whether the state court applied the law reasonably to the facts presented to it, a federal habeas court presumes the correctness of the state court's factual findings unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

**A. Ground One**

In his first claim of error, Cooper claims that he was denied his constitutional right to confront witnesses against him when less than competent evidence was used at his trial. Specifically, he alleges that the "pen packs"[5] introduced against him as evidence of his prior convictions are testimonial, and that the custodian of those records should have been required to testify. He also complains that the prosecutor was given multiple attempts to charge him as an habitual offender, and that it was not proven, consistent with Miss. Code Ann. § 99-19-83, that he served a year or more on each of the two prior convictions introduced to support the habitual

---

5 "Pen-packs (penitentiary packets) are the records maintained on inmates sentenced to the custody of the Mississippi Department of Corrections, and certified copies of pen packs suffice as competent evidence of prior convictions." *Johnson v. King*, No. CIVA 4:06CV74TSL-LRA, 2009 WL 2872804, at *7 (S.D. Miss. Aug. 31, 2009) (internal citations and quotation marks omitted).

9

offender enhancement. As a result, he contends, his sentence was illegal, and counsel performed ineffectively in allowing him to be sentenced as an habitual offender.

Cooper was indicted for the crime of false pretenses under Miss. Code Ann. § 97-19-39 on January 15, 2008. Doc. #51-1 at 11. On April 24, 2009, days before Cooper's trial was set to begin, the State filed a "Motion to Amend Indictment" to charge Cooper as an habitual offender. The amendment added language to the original indictment to reflect two of Cooper's prior convictions: (1) a 1997 Michigan conviction for assault with intent to do great bodily harm less than murder for which he was sentenced to a ten-year term in the Michigan Department of Corrections; and (2) a 1987 Arkansas robbery conviction for which he was sentenced to serve a seven-year term in the Arkansas Department of Corrections. *Id.* at 34-53. Attached to the motion to amend were pen packs from Michigan and Arkansas containing documents showing the offense and confinement dates, and each pen pack contained certifications that the attached documents were true and correct copies of the original documents maintained in Cooper's institutional files. Doc. #51-1 at 37 & 51.

At the beginning of Cooper's trial on April 28, 2009, the trial court took up the State's motion to amend, and the State provided certified copies of documents demonstrating Cooper's two prior convictions. Doc. #51-2 at 29-30. Defense counsel objected to the motion as untimely filed, as in violation of Cooper's due process rights, and he otherwise objected to the introduction of the prior convictions as exhibits. *Id.* at 31-32. In ruling on the motion, the trial court noted that Cooper was aware of his own felony past, that the State could move to amend to add an habitual offender enhancement at any point prior to sentencing, and that the amendment was one to form. *Id*. at 35-36. Finding that the prior convictions met the requirements of the

habitual offender statute, and that the habitual offender notice was for the purpose of sentencing, the court granted the State's motion to amend and received the State's exhibits into evidence. *Id*. at 36, 38.

After Cooper was found guilty, the trial court continued his sentencing to May 14, 2009, to allow the defense time to prepare to defend the habitual offender charge. *See* Doc. #51-3 at 100. At the sentencing hearing held on that date, defense counsel objected to the State's request to reincorporate the exhibits presented on the motion to amend the indictment on the grounds that the pen packs were hearsay, improperly authenticated, and that the Arkansas pen pack did not contain a copy of the judgment. *Id*. at 114-116. The State explained that the actual 1987 judgment was not on the microfilm maintained by the Arkansas Department of Corrections due to a clerical error; however, the additional documents that were contained in the pen pack, sufficiently proved that Cooper was previously convicted of robbery on May 5, 1987, in Arkansas, an offense for which he was sentenced to serve seven years and later discharged on December 14, 1991. *Id.* at 116-18.

During the hearing, the State also attempted to introduce evidence of a 2007 conviction for theft by deception that Cooper received in Kentucky, and defense counsel objected to its introduction, arguing that the evidence was hearsay and constituted discovery and due process violations. *Id*. at 126-27. Finding that the introduction of the additional conviction constituted a discovery violation, the trial court gave the State the opportunity to proceed without the documents or await a continuance to allow the defense time to review the documents. *Id*. At that time, the State made an *ore tenus* motion to further amend Cooper's indictment to charge Cooper as having been convicted of the additional Kentucky felony, and defense counsel again

11

objected. *Id*. at 128-29. The court postponed the habitual offender determination until June 2, 2009.

On June 2, 2009, at the continued sentencing hearing, the State provided additional information related to Cooper's Arkansas conviction, in the form of certified copies of the "felony information," or indictment, and the judgment and commitment order for that conviction that were previously missing from the Arkansas pen pack. Doc. #51-3 at 136. The State also provided the court with a copy of Cooper's Kentucky conviction. *Id*. The trial court allowed the Kentucky conviction into evidence for sentencing purposes but denied the State's second motion to amend the indictment to include the Kentucky conviction as yet another enhancement of for the habitual offender statute, finding that "[t]here has to be a stopping point as to when we stop amending the indictments and start sentencing people[.]" *Id*. at 139-40. [6] The trial court admitted the Arkansas judgment and commitment order into evidence, finding them properly certified and that the information contained within the documents was contained elsewhere in the previously admitted pen pack. *Id.* at 146-47. The court denied the State's request to introduce evidence relevant to Cooper's length of incarceration on the Kentucky conviction, however, finding that it was an "unfair surprise" to Cooper to admit the evidence on the morning of the continued sentencing hearing. *Id*. at 148-49.

The sentencing hearing progressed, where the trial court heard testimony from Cooper's sister, Bessie Phillips, who testified that Cooper served "a little over four years" on his Michigan conviction, and that he served a year on his Arkansas conviction. Doc. #51-4 at 2, 7-8. The

---

6 On May 20, 2009, the State filed an "Amended Motion to Amend Indictment" to add language to Cooper's indictment to reflect Cooper's third felony conviction for theft by deception in Kentucky, attaching the relevant documents in support of the motion. Doc. #51-1 at 94-111.

State clarified that Cooper had served approximately 1,584 days in the Arkansas Department of Corrections. Doc. #51-4 at 8. At the conclusion of the testimony, defense counsel argued that Cooper had desired to plead guilty to something less than life without parole, and that a life sentence without parole was disproportionate to the crime. *Id.* at 14-24. The State argued that Cooper's long criminal history involving elderly victims and was a pattern of criminal conduct that indicated that Cooper would continue to violate the law. *Id*. at 12-14, 24-26.

After a brief recess, the trial court determined that the State had met its burden of proof. That is, the court found that Cooper had been convicted on at least two separate occasions of felonies in which he was sentenced to and served separate terms of one year or more in a state or penal institution, and that at least one of the prior felonies was a crime of violence. Doc. #51-1 at 121-122; Doc. #51-4 at 26-40. Cooper was sentenced to life without parole as an habitual offender pursuant to Miss. Code Ann. § 99-19-83. Doc. #51-1 at 122; Doc. #51-4 at 40.

At the outset, the Court finds that the pen packs from Michigan and Arkansas, each of which contained the appropriate certifications, served "as competent evidence of prior convictions" under Mississippi law. *See Dixon v. State*, 812 So. 2d 225 (Miss. Ct. App. 2001). Moreover, under the law, a custodian of records' certificate shows only that the documents are true and correct copies and not that the person actually committed the acts contained within the documents, and therefore, a State court has held that self-authenticating records of a defendant's prior convictions do not trigger a defendant's constitutional right to confront witnesses. *See Frazier v. State*, 907 So. 2d 985, 997 (Miss. Ct. App. 2005).

Additionally, the timing of the State's amendment to add the habitual offender enhancement does not entitle Cooper to relief, as the State can amend an indictment to charge a

13

defendant as an habitual offender even after the jury has returned a guilty verdict. *See Adams v. State*, 772 So. 2d 1010, 1021 (Miss. 2000). Here, prior to Cooper's sentencing, the trial court ordered multiple continuances to ensure that Cooper was legally sentenced as an habitual offender under the amended indictment. The pen packs and testimony offered at Cooper's sentencing hearing provide the necessary proof to support his habitual offender determination under Miss. Code Ann. § 99-19-83. Federal habeas relief is not warranted on Ground One.

**B.     Ground Two**

In his second claim of error, Cooper contends that the prosecutor improperly "blended two statutes" in order to charge him, and that his counsel's failure to rectify the error constitutes ineffective assistance of counsel.

In relevant part, Cooper's indictment provides:

> That MANUEL COOPER, Late of the County and State aforesaid, on or about the 24th day of April, in the year of our Lord, 2007, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with the intent to cheat and defraud Hazel Baker, and others to the Grand Jurors unknown, designedly by false pretense, obtain approximately $2,000.00 in cash money from Hazel Baker for allegedly cleaning the gutters of Hazel Baker's house, in order to obtain money of $500.00 or more, representing that said money was to pay the just debts of MANUEL COOPER; and said representations were false and known to MANUEL COOPER to be false; and the false representations of MANUEL COOPER were the moving cause of the money being obtained, in direct violation of Section 97-19-39, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided and against the peace and dignity of the State of Mississippi.

*See* Doc. #51-1 at 11. The false pretenses statute under which Cooper was indicted provides, in relevant part:

> Every person, who with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, with a value of Five Hundred Dollars

14

> ($500.00) or more, upon conviction thereof shall be guilty of a felony and
> punished by imprisonment in the State Penitentiary not exceeding ten (10) years,
> and by a fine not exceeding Ten Thousand Dollars ($10,000.00).

Miss. Code. Ann. § 97-19-39(2). Cooper was clearly convicted under the false pretenses statute. Federal habeas relief is not warranted on Ground Two.

**C. Ineffective Assistance of Counsel**

Cooper claims that counsel rendered ineffective assistance of counsel in connection with both of his federal habeas claims. In order to sustain a claim that he was denied his Sixth Amendment right to the reasonably effective assistance of counsel, Cooper must demonstrate that counsel performed deficiently (i.e., that counsel's performance fell below an objective standard of reasonableness), and that counsel's deficient performance prejudiced his defense (i.e., the result would have been different if counsel had performed effectively). *Strickland v. Washington*, 466 U.S. 668, 687-694. Under the AEDPA, review of claims of ineffective assistance are "doubly deferential," such that the court asks "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

This Court has already determined that Cooper's underlying claims lack merit. Therefore, he cannot prevail on his claims of ineffective assistance of counsel related to those claims because he cannot demonstrate that counsel's actions or inactions prejudiced him. Moreover, the Court finds that counsel did object repeatedly to the State's attempts to amend the indictment against Cooper, providing argument in support of his objections on each occasion. In fact, his objections and argument successfully blocked the State's attempt to amend the indictment a second time to include Cooper's Kentucky conviction in support of the habitual

15

offender determination. Counsel did not render deficient performance merely because he did not prevail in his objections to the State's amended indictment. Also, the pen packs and testimony offered at sentencing demonstrate that Cooper did qualify as an habitual offender under Miss. Code Ann. § 99-19-83, and therefore, he cannot demonstrate prejudice.

Additionally, Cooper's claim that he was convicted under the wrong statute is meritless. The indictment clearly provides that Cooper was charged and convicted under Miss. Code Ann. 97-19-39. Counsel did not render ineffective assistance in failing to object to the statute under which Cooper was charged. *See, e.g., Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Federal habeas relief is not warranted on the basis of the assistance rendered by counsel.

## IV
## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Cooper must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). This Court may only grant a COA if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to obtain a COA for claims rejected on their merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling" in order for a COA to issue. *Id.* Applying this standard, the Court concludes that a COA should be denied.

## V
## Conclusion

For the reasons set forth herein, the Court finds Cooper's claims procedurally defaulted for purposes of federal habeas review. It further finds that the State court's alternative rejection of these claims did not result in a decision contrary to, or involving an unreasonable application of, clearly established Supreme Court law, nor was it based upon an unreasonable determination of facts in light of the evidence presented. Therefore, habeas relief is **DENIED**, and the instant petition is **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision is **DENIED**. A separate final judgment will enter today.

**SO ORDERED** this 29th day of January, 2018.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**